# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **15-05904-jw**

Adversary Proceeding Number: **16-80099-jw**

## Order On Defendants' Motion to Dismiss

The relief set forth on the following pages, for a total of 11 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**01/12/2017**



/s/ John E. Waites

US Bankruptcy Judge
District of South Carolina

Entered: 01/12/2017

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Johnny Marvin Martin,<br><br>                                    Debtor. | C/A No. 15-05904-jw<br><br>Adv. Pro. No. 16-80099-jw<br><br>Chapter 13 |
| Johnny Marvin Martin,<br><br>                                    Plaintiff,<br><br>v.<br><br>Midland Funding, LLC, Midland Credit Management, Inc.,<br><br>                                    Defendants. | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on the Motion of defendants Midland Funding, LLC ("Midland Funding") and Midland Credit Management, Inc. (individually, "Midland Credit," together with Midland Funding, "Defendants") to dismiss plaintiff Johnny Marvin Martin's ("Plaintiff") adversary complaint filed on July 7, 2016 ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiff filed a response to Defendants' Motion ("Response"), and Defendants' filed a Reply to the Response.[2]

After reviewing the record and the aforementioned pleadings, and considering the arguments of counsel, the Court grants in part and denies in part the Dismissal Motion.

---

[1] Hereinafter "Federal Rule." Federal Rule 12(b)(6) is made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b) (hereinafter "Bankruptcy Rule").

[2] Defendants' Motion to Dismiss, together with their Reply to the Response, will be collectively referred to herein as the "Dismissal Motion."

**JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). In their filings with the Court, the parties expressly consented to this Court's entry of final orders and judgments. Venue is proper pursuant to 28 U.S.C. § 1408.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed a petition under Chapter 13 of the Bankruptcy Code on November 3, 2015. Plaintiff's schedules, filed on November 3, 2015, identify Midland Funding as the holder of two (2) unsecured claims. The schedules also indicate that prepetition, Midland Funding commenced two (2) debt collection actions against Plaintiff in the Sumter County Magistrate's court.

On January 21, 2016, Midland Credit, as agent for Midland Funding, filed Claim No. 11 in the amount of $2,957.24, and Claim No. 12 in the amount of $1,081.63 (collectively "Proofs of Claim"). Section 7 of each claim form states that indebtedness listed in the claim does not include interest or other charges, and no statement itemizing interest, fees, expenses, or other charges (collectively "Other Charges") was attached to either Proof of Claim. Neither Proof of Claim has been amended.

On July 7, 2016, Plaintiff commenced the within captioned adversary proceeding. In the Complaint, Plaintiff alleges that the Proofs of Claim do not comply with Bankruptcy Rule 3001(c)(2) because neither discloses the fact that the indebtedness listed includes, in addition to the principal balance owed, Other Charges that Defendants failed to itemize as required by the Bankruptcy Rules. Because the Other Charges are not itemized, Plaintiff alleges that the Proofs of Claim are incorrect, misleading, and deceptive. Plaintiff asserts that Defendants' failure to itemize the Other Charges was not substantially justified or harmless. As damages, Plaintiff asks

2

that the Proofs of Claim be disallowed, and that he be awarded attorney's fees, sanctions, and "any other remedy available to the Court." Finally, because Plaintiff believes that Defendants' failure to itemize Other Charges was not an error, but is Defendants' "standard procedure," done "for the purpose of preventing full disclosure of the required information or for ease of filing a proof of claim," Plaintiff asks the Court to require Defendants, "to review all claims that they have filed" in other cases pending in this district for non-compliance. For each instance of non-compliance with Bankruptcy Rule 3001, Plaintiff asks the Court to enter an order disallowing any non-compliant claim in its entirety.

Defendants advance three arguments in support of their contention that the Complaint should be dismissed: (1) the Proofs of Claim do not violate Bankruptcy Rule 3001 because the claims "appropriately characterize" the indebtedness owed to Midland Funding as principal; (2) even if the Proofs of Claim do not comply with Bankruptcy Rule 3001, this rule does not provide grounds to disallow the claims; and (3) sanctions under Bankruptcy Rule 3001(c)(2)(D) are not warranted because Defendants' failure to comply with the itemization requirements of Bankruptcy Rule 3001(c) was "indisputably harmless," in part because Plaintiff was not misled by the Proofs of Claim. In addition, Defendants argue that Plaintiff lacks standing to seek disallowance of the claims Defendants filed in other bankruptcy cases.

## DISCUSSION

Federal Rule 12(b)(6) is available to a defendant seeking dismissal of a complaint based on its failure to state facts sufficient to constitute a cause of action. When ruling on a 12(b)(6) motion, "the relevant question [for the Court] is whether, assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 696

(2009). The Court, "must take the allegations as true, no matter how skeptical the court may be,"[3] and proceed "on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (internal citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 327 ("What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations").

Reviewing the Complaint as a whole,[4] and taking all of the allegations contained therein as true, the Court considers Defendants' arguments in turn:

1. **Applicability of Bankruptcy Rule 3001(c)(2)(A)**.

Bankruptcy Rule 3001(c)(2)(A) provides that in an individual case:

> [i]f, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges **shall be filed with the proof of claim**.

Fed. R. Bankr. P. 3001(c)(2)(A) (emphasis added).

Defendants did not loan money to Plaintiffs. Instead, Defendants are debt buyers who purchased the two debts from creditors who loaned money to Plaintiff and who, after not receiving payment, charged off and sold Plaintiff's loans.

Although Defendants concede that had Plaintiff's original creditors retained the debts, they would have been required to comply with Bankruptcy Rule 3001(c)(2)(A), Defendants do not believe the rule applies to them. Rather, because they purchased the total "charged off amount" (not just the principal balance owed the creditor), and view the debts as being comprised wholly of principal, Defendants believe that the Proofs of Claim properly characterize the entire charged off amount as the principal amount of the debts. This, coupled with the fact that Defendants' claim

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009).

[4] Although not a model pleading, the Complaint complies with Federal Rule 8(a)(2) in that it contains, " a short plain statement of the claim showing that that pleader is entitled to relief in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

4

that they have not subsequently charged Plaintiff any interest, means that the itemization requirements of Bankruptcy Rule 3001(c)(2)(A) are inapplicable.

Defendants' arguments raise two issues that have not been addressed by the Fourth Circuit Court of Appeals: namely, (1) whether the "nature" and amount of an obligation are determined from the perspective of the owner of the obligation or from the perspective of the obligor; and (2) whether a debt purchaser is required to adhere to the mandatory itemization requirements contained in Bankruptcy Rule 3001(c)(2)(A).[5] Because these legal issues are unresolved, the Court cannot conclude that Plaintiff has not stated a plausible claim against Defendants' for their failure to comply with Bankruptcy Rule 3001(c)(2)(A). *See, e.g., Jowers v. Midland Funding, LLC* (*In re Jowers*), Adv. Pro. No. 16-80101-DD, Case No. 16-1667-DD, slip op. (Bankr. D.S.C. November 10, 2016); *cf. McClain v. Midland Funding, LLC.* (*In re McClain*), Adv. Pro. 16-80100-HB, Case No. 15-3419-HB, slip op. (Bankr. D.S.C. November 10, 2016).

2. **Disallowance of claims.**

Defendants argue that even if they were required to comply with the itemization requirements of Bankruptcy Rule 3001(c)(2)(A), Plaintiff cannot come forward with sufficient evidence to rebut the validity of Defendants' Proofs of Claim. Defendants also argue that disallowance of a claim is not a remedy provided for in Bankruptcy Rule 3001(c)(2).

---

[5] The courts that have considered arguments similar to those raised by Defendants appear to be split on these issues. *Compare In re Cluff*, 313 B.R. 323, 335 (Bankr. D. Utah 2004) ("[I]f the claim includes charges such as interest, late fees and attorney's fees, the summary should include a statement giving a breakdown of those elements."); *In re Shank,* 315 B.R. 799, 810 (Bankr. N.D. Ga. 2004) ("Even if summaries of such types of accounts are permissible, the purported summaries attached to these claims show little, if anything, beyond the information provided on the proof of claim form itself."); *In re Armstrong* 320 B.R. 97, 106 (Bankr. N.D. Tex. 2005) ("[T]he creditor must attach . . . a breakdown of the interest charges, finance charges and other fees that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined."); *with In re Pursley*, 451 B.R. 213, 223 (Bankr. M.D. Ga. 2011) (adopting minority view that breakdown of charges is not necessary because the "monthly balance given on credit card statements is entirely principal, with any prior accrued interest or charges calculated into the new principal"); *In re Osborne*, 2005 WL 6425053, at *5 (Bankr. D. Kan. 2005) (proof of claim for credit card debt does not have to include an itemized statement of all interest and additional charges even if finance charges are included in the claim balance).

5

Plaintiff, in contrast, alleges that because the claims fail to itemize the Other Charges, the Proofs of Claim are "incorrect, misleading, and deceptive." Complaint at ¶ 21. The incorrect claims, in turn, impede Plaintiff's ability to assess whether the claims are proper and in a valid amount. Plaintiff asserts that the Proofs of Claim were filed in their present form pursuant to Defendants' "standard operating procedure," are "per se misleading."[6] Plaintiff believes that disallowance of the Proofs of Claim is a permissible sanction under Bankruptcy Rule 3001(c)(2)(D)(ii), which allows the Court to impose "other appropriate relief," against a creditor who fails to comply with the rule.

Bankruptcy Rule 3001 is an evidentiary rule designed to facilitate the claims process in Bankruptcy Cases, which was designed to be a fair and inexpensive process for all parties involved. *See In re Shank*, 315 B.R. 799, 814 (Bankr. N.D. Ga. 2004) ("The fundamental purpose of the claims allowance process and the various rules for filing of proofs of claim and allocating burdens of proof is to provide a fair and inexpensive procedure for the proper determination of claims on the merits."). A proof of claim executed and filed in compliance with the rule constitutes *prima facie* evidence of the validity and amount of the creditor's claim. Fed. R. Bankr. P. 3001(f); *see also* 11 U.S.C. § 502(a) (2016). A claim not filed in compliance with Bankruptcy Rule 3001 is not entitled to the presumption of validity, and the claimant has the burden of proving his claim prior to receiving payment from an estate. In addition, if a creditor fails to provide the additional information expressly required by subsection (c) of Bankruptcy Rule 3001, the claimant not only loses the benefit of the evidentiary presumption, the claimant also risks the Court issuing an order

---

[6] Although the Complaint does not directly accuse Defendants of fraud, the allegations of the Complaint are the equivalent of such allegations. *See, e.g.,* Complaint at ¶ 21 (Debtor believes "that the information provided in the proof of claim is incorrect, misleading, and deceptive . . . and that the misstatements were not in error . . . ."). To the extent that the facts alleged in the Complaint support an allegation that Defendants engaged in deceptive practices, this could serve as the basis for an assertion of a fraudulent claim.

6

precluding him from presenting the "omitted information,"[7] or awarding "other appropriate relief." Fed. R. Bankr. P. 3001(c)(2)(D).

While the Court acknowledges that a creditor's failure to comply with Bankruptcy Rule 3001(c) is not, in and of itself, a ground for disallowing the creditor's claim,[8] it does not necessarily follow that other grounds for disallowing the Proofs of Claim based upon the facts alleged, do not exist. As recognized by one court:

> When a creditor files a false or fraudulent proof of claim, that filing contravenes the purpose of a specific bankruptcy statute and rule. Namely, under 11 U.S.C. § 501, a creditor is allowed to file a proof of claim, and under § 502(a), the mere filing of a proof of claim means that it is deemed allowed. Under [Bankruptcy Rule] 3001(f), a proof of claim filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim. When a creditor files a false or fraudulent proof of claim, which is deemed allowed by § 502(a), and entitled to prima facie presumption of validity and amount by [Bankruptcy] Rule 3001(f), the creditor is abusing the bankruptcy process.

*In re Watson*, 2010 WL 4496837, at *3 (Bankr. N.D. W. Va. 2010) (internal citations omitted); *see also In re Varona*, 388 B.R. 705, 717 (Bankr. E.D. Va. 2008) ("[Section] 105 may be used to sanction the filing of a proof of claim violative of the Bankruptcy Code. . . . The filing of a false or fraudulent claim would unquestionably constitute an abuse of the claims process as well as an attempted fraud upon the court."). The Court may remedy an abuse of the bankruptcy process by using its § 105(a) equitable powers, by exercising its inherent contempt authority, or by using Bankruptcy Rule 9011. *Rojas v. Citi Corp Trust Bank FSB* (*In re Rojas*), 2009 WL 2496807, at *6-7 (Bankr. S.D. Tex. 2009) (Section 105(a) may be used in support of § 502 and Rule 3001 to

---

[7] If the Court finds that a claimant failed to provide the information required by subsection (c), the Court could impose the evidentiary sanction of precluding a claimant not only from introducing evidence of Other Charges (which were omitted due to the claimant's failure to itemize), but also from introducing evidence regarding principal balance (which was omitted due to claimant's failure to provide a breakdown of the indebtedness claimed).

[8] *See* Fed. R. Bankr. P. 3001 Advisory Committee Note (2011).

7

hold a creditor in contempt for filing a false proof of claim, or the court may exercise its inherent contempt powers, sanctioning litigants and lawyers for improper conduct); *see also Bessette v. Avco Fin. Svcs.*, 230 F.3d 439, 444-45 (1st. Cir. 2000) (discussion of the bankruptcy court's statutory and inherent contempt powers). In certain circumstances, the Court may also equitably subordinate a claim pursuant to § 510. *See, e.g., In re ASI Reactivation, Inc.*, 934 F.2d 1315, 1321 (4th Cir. 1991) (Equitable subordination requires a finding that the claimant engaged in fraudulent or inequitable conduct that resulted in injury to creditors, as well as a finding that subordination would be consistent with other bankruptcy law.).

Taking all of the allegations of the Complaint as true, the Court finds that the Complaint sets forth sufficient factual allegations that may form the basis of claims against Defendants under Bankruptcy Rule 3001(c)(2)(D) and for violations of other provisions of the Code and Rules. The remedy for these claims may be a finding that Defendants' conduct was an abuse of the bankruptcy process, subjecting Defendants to any number of possible sanctions, including a monetary fine, and/or a reduction, disallowance, or subordination of the claim,[9] as well as payment of Plaintiff's attorney's fees and costs. For these reasons, the Court cannot conclude that Plaintiff has not stated a claim that might result in disallowance of the Proofs of Claim.

3. **Damages arising from a failure to comply with Bankruptcy Rule 3001.**

Finally, Defendants' argue that if they were required to comply with Bankruptcy Rule 3001(c), their failure to do so was "harmless" and not sanctionable.

---

[9] To the extent that the Complaint fails to sufficiently plead other grounds for relief, Bankruptcy Rule 7015(a)(2) provides that the Court may freely give Plaintiff leave to amend his complaint when justice so requires.

8

At this stage, the Court cannot conclude from the limited record before it that Defendants failure to comply with Bankruptcy Rule 3001(c) was harmless.[10] This Court has an affirmative obligation both to protect the integrity of the Bankruptcy Process and to ensure that parties before it conform to the requirements of the Code and the Bankruptcy Rules. *See* 11 U.S.C. § 105(a).

Even if the Court ultimately concludes that the Defendants' actions were not willful, the Court may still conclude that their actions were not substantially justified or harmless. *See Maddux v. Midland Credit Management, Inc.* (*In re Maddux*), Case No. 15-33574, slip op. at 16 (Bankr. E.D. Va. December 1, 2016) (awarding debtors' attorney's fees and costs because, although Midland's failure to itemize interest and fees in its claims was not willful, "[r]epresenting on the proof of claim that the claimed amount did not include interest was misleading," and harmed the debtors).

4. **Plaintiff's standing to seek relief in other bankruptcy cases.**

In the Complaint, Plaintiff also asks the Court to inquire into Defendants' alleged wrongdoings in both his case and in other bankruptcy cases in this District, and to disallow "any claims" that were not filed in conformity with Bankruptcy Rule 3001. Defendants argue that Plaintiff lacks standing to seek sanctions for their actions in other cases.

It is well settled that the party bringing suit must establish standing to prosecute the action. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In addition, "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* at 499.

---

[10] This is assuming that Defendants do not ultimately prevail on their argument that they were not required to comply with Bankruptcy Rule 3001(c).

9

While Plaintiff has standing to raise claims against Defendants for alleged wrongdoing in his own Chapter 13 case, Defendants are correct that although Plaintiff and Chapter 13 debtors in other cases may share counsel or have similar complaints against Defendants, Plaintiff does not have standing to assert the legal rights and interests of those other Chapter 13 debtors.  Therefore, to the extent that the Complaint purports to assert claims or seek relief on behalf of other Chapter 13 debtors, Defendants' motion to dismiss is granted.

## CONCLUSION

For the foregoing reasons, Defendants' Dismissal Motion is denied in part and granted in part.  Pursuant to Bankruptcy Rule 7015(a)(2), Plaintiff is granted until January 23, 2017 to amend his Complaint to plead any additional facts or authority to support his Complaint.  In the event Plaintiff elects to amend the Complaint, Defendants shall respond to the amended pleading as provided for in the Bankruptcy Rules.  Upon the failure of Plaintiff to amend his Complaint by the January 23 deadline, Defendants' answer to the Complaint is due on or before February 6, 2017.

**AND IT IS SO ORDERED.**